United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40133
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

ANGEL RUIZ-ROSAS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-653-ALL
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Angel Ruiz-Rosas pleaded guilty to a one-count indictment

charging him with being found in the United States following

deportation.  The district court sentenced Ruiz-Rosas to 57

months in prison and a two-year term of supervised release.

Ruiz-Rosas's plea agreement explicitly waived his "right to have

facts that the law makes essential to the punishment" charged in

the indictment or proved beyond a reasonable doubt and granted

his consent to be sentenced pursuant to the Guidelines.  We need

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not decide the applicability of the waiver in this case because the issues that Ruiz-Rosas raises are either foreclosed or lack arguable merit.

Ruiz-Rosas argues for the first time on appeal that his sentence was imposed illegally in light of United States v. Booker, 543 U.S. 220 (2005). This court's review is for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir.), cert. denied, 126 S. Ct. 267 (2005); United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

After Booker, "[i]t is clear that application of the Guidelines in their mandatory form constitutes error that is plain." Valenzuela-Quevedo, 407 F.3d at 733. To satisfy the plain error test in light of Booker, Ruiz-Rosas must demonstrate that his substantial rights were affected by the error. United States v. Infante, 404 F.3d 376, 395 (5th Cir. 2005). There is nothing in the record indicating that the district court would have imposed a different sentence under an advisory sentencing guidelines scheme. United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir.), cert. denied, 126 S. Ct. 264 (2005). Ruiz-Rosas argues that application of the plain error standard is contrary to the plain error standard enunciated in United States v. Dominguez Benitez, 542 U.S. 74 (2004). Ruiz-Rosas's challenge to the showing required under Mares and Bringier is unavailing as one panel may not overrule the decision of a prior panel absent

en banc reconsideration or a superseding contrary decision of the Supreme Court. See United States v. Eastland, 989 F.2d 760, 768 n.16 (5th Cir. 1993). Accordingly, there is no basis for concluding that the district court would have imposed a lower sentence under an advisory sentencing regime. See Mares, 402 F.3d at 522.

Ruiz-Rosas's constitutional challenge to 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Ruiz-Rosas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Ruiz-Rosas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.